# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1442V
(not to be published)

| | |
|---|---|
| BITA FOTUHI,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: November 6, 2019<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Paul D. Bekman*, Bekman, Marder & Adkins, L.L.C., Baltimore, MD, for Petitioner.

*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 5, 2017, Bita Fotuhi, ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,2 (the "Vaccine Act"). Petitioner alleges that the influenza ("flu") vaccine she received on October 8, 2014, caused her to develop a Shoulder Injury Related to Vaccine Administration ("SIRVA") in her left shoulder. (Petition at 1). On April 22, 2019, a decision was issued by then-Chief Special Master Dorsey, awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 34.)

Petitioner has now filed a motion for attorney's fees and costs, dated September 23, 2019, (ECF No. 38), requesting a total award of $18,407.82 (representing $16,083.50 in fees and $2,324.32 in costs). In accordance with General Order #9, Petitioner's counsel filed a signed statement that no out-of-pocket expenses have been incurred. (ECF No.

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

38-3.)   Respondent reacted to the motion on September 24, 2019 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and deferring to the Court's discretion to determine the amount to be awarded. (ECF No. 39). Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby GRANT Petitioner's motion in part, awarding final attorney's fees in the amount of **$15,931.17**.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission."  (*Id.* at 484 n.1).  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

Upon review of the billing records received, I find a reduction of the attorney's fees requested appropriate for the following reasons: excessive hourly rates, billing for administrative tasks, and vague billing entries.

Petitioner requests the hourly rate of $425 for attorney Paul D. Bekman and $145 for work performed by paralegals, stating that these rates were previously awarded to Mr. Bekman in his last vaccine case. (ECF No. 38 at 1). Mr. Bekman includes a signed affidavit in support of his rate request, stating the "quality of the work performed here was excellent", and that as the rate is 20% less than his civil litigation rate, the rate requested is reasonable and should be awarded.  Mr. Bekman supports his request by comparing his years of overall legal experience to the years of experienced vaccine attorney Kevin Conway,  in *McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). In his comparison, Mr. Bekman notes that both he and Mr. Conway, have more than 20 years of legal experience, and that Mr. Conway's award of this rate predated Mr. Bekman's work in this case.[2]

What Mr. Bekman has failed to understand is that Mr. Conway's hourly rate is not only based on his years as a licensed attorney but <u>also</u> on his experience in the Vaccine Program. To date Mr. Conway and his firm have worked on over 1700 vaccine cases. In *McCullough*, it is noted that the higher rates should be reserved for attorneys with significant vaccine experience. *McCullough,* *19, 2015 WL 5634323. This, by contrast, is Mr. Bekman's second case in the Program, with one additional case still open. Mr. Bekman does not have the same extensive vaccine experience as other attorney's in the Vaccine Program to warrant a rate on the highest end of the fee schedule.[3]

In addition, and contrary to Mr. Bekman's motion, he was <u>not</u> awarded the rate of $425 in his prior vaccine case.  Prior Chief Special Master Dorsey reduced Mr. Bekman's original rate request to the rates of $385 per hour for work performed prior to 2017, and $395 for work performed in 2017, due to his minimal experience in the Vaccine Program. *Lundin v. Sec'y of Health & Human Servs.,* No. 16-1135, 2017 WL 7510699, *2 (Fed Cl. Spec. Mstr. Sept. 25, 2017). I find no reason to deviate from the previous rates awarded, and therefore reduce counsel's rate to $385 for time billed in 2015 – 2016 and $395 for work in 2017.  For time billed in 2018 I shall award Mr. Bekman the rate of $405 and for 2019 the rate of $415.  This results in a reduction of $687.00.

Next, upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within

---

[2] In *McCullough,* Mr. Conway requested the rate of $425, and at the time having 45 years of legal experience, with 26 years of that in the Vaccine Program.

[3] The OSM Attorney Fees Hourly Rate Schedules for 2015 – 2019 can be found at: http://www.uscfc.uscourts.gov/node/2914

the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). These entries include opening the file, organizing documents, and sending documents by mail.

Special masters have also previously decreased an award of attorney's fees for vagueness. *Mostovoy*, 2016 WL 720969; *Barry v. Sec'y of Health and Human Servs.*, 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries). An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl.Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. *Id.* at *8. Multiple entries in Mr. Bekman's billing are vague, however, and are simply listed as; "Emailed client", "File Memo", Emailed Court", "Memo to file", "Drafted letter to expert".

For the reasons listed above I find that an overall reduction of 10 percent is appropriate. This reduces Petitioner's request by $1,539.65.

Finally, I turn to the request for costs. Petitioner is requesting $2,324.32 in overall costs. (ECF No. 38). This amount is comprised of obtaining medical records, expert costs, and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable, with one exception regarding Standley Friedler, M.D. Dr. Friedler's invoice lists a charge of $250.00 as a "No Show Fee for Missed Appointment." (ECF No. 38-2 at 21). Mr. Bekman's billing statements show the paralegal set up the appointment for him to meet with Dr. Friedler in March of 2016. (ECF No. 38-1 at 1). This charge will not be reimbursed, as Mr. Bekman did not appear for this meeting with Dr. Friedler. I shall reduce the request for costs by $250.00.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Accordingly, I hereby GRANT Petitioner's Motion in part, awarding a total of **$15,931.17** (representing $13,856.85 in fees and $2,074.32 in costs) as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Paul D. Bekman, Esq.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]
**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.